IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BARON BECHTOLD,<br><br>                Plaintiff,<br><br>vs.<br><br>ESIS, INC,<br><br>                Defendant. | CV 24-152-M-KLD<br><br>ORDER |

Defendant ESIS, Inc. has filed an unopposed motion for a protective order. (Doc. 21). Accordingly, and good cause appearing, IT IS ORDERED that the discovery and protection of confidential proprietary information, copyrighted and/or commercial information, which may be and has been subject to discovery in this action, shall be governed as follows:

    1.    This Protective Order governs the access to, use, and distribution of information designated as "Confidential" in this litigation. For purposes of this Protective Order, "information" or "materials" includes documents, things, pleadings, discovery responses, deposition testimony, and all other discovery materials.

    2.    This Protective Order shall also govern all discovery materials and/or papers filed with the Court in this case which include or make reference to any information designated as "Confidential" by a party. This Protective Order shall

also apply to excerpts of materials or papers that are designated as "Confidential" by a party.

3. Information may be deemed "Confidential" if it contains trade secrets or other non-public, proprietary, or competitively sensitive research, development, financial, or commercial information, or information that, if publicly disclosed, could be used to the competitive detriment of a party or would violate the parties' respective confidentiality and/or privacy policies and/or agreements, including without limitation policies and/or agreements with employees, customers, or third parties. Information may further be deemed "Confidential" if it contains private or sensitive personal, identifying information.

4. All materials designated as "Confidential" information shall be treated as confidential during and throughout the pendency of this action. Confidential information shall be used by the non-producing party solely for the purposes of this litigation and not for any other purpose. Control and distribution shall be the responsibility of the attorneys of record. Counsel satisfies their duty to comply with this Order by providing a copy of this Order to the individual to whom the Confidential materials is furnished and requesting compliance with the Order.

5. The parties shall not disclose Confidential information or excerpts of such Confidential information to any person except as provided in this Protective Order. Confidential materials and excerpts thereof may be produced and disclosed

by the parties only to the following persons and only for the purposes of conducting this litigation:

    (a)    The parties, their counsel in this lawsuit, and counsel's employees;

    (b)    Any person retained by counsel representing the parties to assist in the preparation of trial of this litigation, including experts, consultants and paralegals;

    (c)    Any employee or representative of Defendants whose deposition is taken or is to be taken in this action during the course of his or her testimony; and

    (d)    Deposition reporters.

Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

6.    Nothing in this Order shall limit the rights of the parties to object to any evidence at trial or other evidentiary proceeding in this case on grounds other than those related to this Order. Confidential documents that must be filed, should be filed under seal. Leave of Court is not required to file under seal.

7.    Before any party files a motion or other document with the Court that would reveal any portion of the contents of the Confidential information, such party shall provide at least three days written notice of such filing, detailing by Bates range the precise documents or information to be filed.

8.    The parties understand and accept that a consequence of the Court's rulings regarding evidence or matters that are designated as Confidential may be

the issuance of publicly available orders expressly or implicitly referencing Confidential information.

9. The admissibility, confidentiality, and use of all Confidential information at trial shall be subject to the orders of the Court.

10. A party producing or disclosing information may invoke this Protective Order's protection by following the procedures set forth below:

    (a) With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" on each page as to which the designating party seeks the protection of this Protective Order. To the extent a document contains some "Confidential" information and some non-Confidential information, a party may designate the entire document for treatment as "Confidential" within the scope of this Protective Order.

    (b) With respect to answers to interrogatories or requests for admissions, the specific responses containing "Confidential" information shall be clearly marked.

    (c) With respect to any deposition, such treatment may be invoked by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within thirty (30) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. The entirety of all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period following receipt of the transcript.

    (d) If information deemed "Confidential" is inadvertently

produced without the designation "Confidential," a party may nevertheless effectively invoke the confidential protections of this Order, upon learning of the inadvertent disclosure, by immediately providing written notice of such to all parties. The parties agree that the same protocol will apply to the inadvertent production of privileged documents and/or materials as well, and, upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as instructed by the written notice.

11. If a party or counsel for a party disputes whether a document or other material should be marked "Confidential," the challenging party shall notify the producing party within 30 days of the production of the disputed Confidential document. Counsel for the parties shall attempt to resolve any dispute between them. If they are unsuccessful, the party or counsel seeking to uphold the "Confidential" designation shall do so by filing an appropriate motion with the Court. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

12. In the event that a party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules or regulations) to disclose any information designated "Confidential," the party shall provide all other parties with prompt written notice of the request or requirement within 14 days of receipt of the same, so that the other parties may seek a protective order or other appropriate remedy and/or waive compliance with

the provisions of this Protective Order. If, in the absence of a protective order or other remedy or the receipt of a waiver by the other parties, the party is nonetheless legally compelled to disclose "Confidential" information, the party may, without risk of liability hereunder, disclose that portion of the "Confidential" information that the party reasonably believes must be disclosed provided that timely written notice of the request or requirement has been made within 14 days of receipt of the same to the other parties.

13. Sanctions may be granted by the Court for improper use or dissemination of any information produced subject to this Protective Order. Sanctions may be imposed by the Court on its own motion or on motion by a party.

14. Within 90 days of the conclusion of this matter including all appeals therefrom, each "Confidential" document, including all copies of each document and all excerpts or summaries of them, shall be either returned to the party producing or designating the document, or destroyed. If the documents are destroyed, rather than returned, the party and its counsel destroying the documents shall provide a written certification that all copies have been destroyed or erased if stored electronically. Notwithstanding the foregoing, latent data such as deleted files, and other non-logical data types, such as memory dumps, swap files, temporary files, printer spool files, and metadata that can only be retrieved by computer forensics experts and is generally considered inaccessible without the use

of specialized tools and techniques, will not be within the requirements for return or destruction of Confidential information as set forth by this provision.

DATED this 8th day of April, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge